UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUTIY TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-01298-JAR |
| MILLER BUILDING GROUP, LLC, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Amended Motion to Compel. (Doc. No. 6) Plaintiffs seek to compel a representative of Defendant Miller Building Group, LLC, to appear for a post-judgment deposition and produce the records requested in Plaintiffs' notice of deposition. Plaintiffs' amended motion incorporates by reference the memorandum and affidavit of counsel filed with their original motion to compel. (Doc. Nos. 5-1, -2) For the following reasons, the amended motion will be granted.

**Background**

Plaintiffs filed this action on July 23, 2014, to recover from Defendant Miller Building Group, LLC ("Miller Group") delinquent fringe benefit contributions pursuant to Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(g)(2) ("ERISA"). A consent judgment was granted in favor of Plaintiffs on August 14, 2014 in the amount of $5,612.97. (Doc. No. 4)

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Michael E. Evans assert that on October 1, 2014, Plaintiffs sent a notice of post-judgment deposition to Miller Group. The notice required the attendance of a representative of Miller Group at the offices of Plaintiffs' counsel on November 3, 2014 at 11:00 a.m., and the simultaneous production of requested documents relevant to Plaintiffs' efforts to collect the judgment in this case. Miller Group did not appear at the deposition or otherwise contact Plaintiffs' counsel.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed.R.Civ.P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held ... except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id. In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." Carpenters' District Council of Greater St. Louis and Vicinity v. Vehlewald Const. Co., 2008 WL 544977, at * 1-2 (E.D.Mo. Feb. 25, 2008) (quoting H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir.1993)).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of Plaintiffs' counsel that Miller Group was

properly noticed for deposition but failed to appear. Plaintiffs' motion to compel should therefore be granted, and a representative of defendant Miller Building Group, LLC, will be ordered to appear for deposition at the offices of Plaintiffs' counsel, and produce the requested documents at the same time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion to Compel [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that a representative of defendant Miller Building Group, LLC, shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated October 1, 2014, at the offices of Plaintiffs' counsel on **Monday, January 26, 2015 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Discovery [5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Miller Building Group, LLC at 2233 Olive Street, St. Louis, Missouri 63103.

Dated this 12th day of January, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**