IRON WORKERS ST. LOUIS DISTRICT  )
COUNCIL ANNUITY TRUST, et al.,   )
                               )
        Plaintiffs,     )
                               )  Case No. 4:14-CV-01298 JAR
v.                           )
                               )
MILLER BUILDING GROUP, LLC, et al.,  )
                               )
        Defendants.   )

## MEMORANDUM AND ORDER

This matter came before the Court for hearing on Plaintiffs' Motion for Contempt (Doc. No. 36), arising from Defendant Miller Building Group, LLC's failure to comply with a Court Order compelling Defendant to appear for a post-judgment deposition and provide requested documents at the offices of Plaintiffs' Counsel. (Doc. No. 35). Plaintiffs appear by Counsel. Despite proper notice and personal service on Defendant, Defendant does not appear.

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. Greater St. Louis Const. Laborers Welfare Fund v. Marshall Contracting, LLC, 2012 WL 4759772, at *1 (E.D. Mo. Oct. 5, 2012) (citing Greater St. Louis Construction Laborers Welfare Fund v. Aura Contracting, LLC, 2012 WL 2684864, at *1 (E.D. Mo. July 6, 2012)). Appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the contempt is purged. Id. (citing Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1340 (8th Cir. 1975) (fines); Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC, 2011 WL 3891870, *1 (E.D. Mo. Sept. 1, 2011) (body attachment)). In addition, the issuance of an order of

contempt, pursuant to Federal Rule of Civil Procedure 45(e) may include, pursuant to Federal Rule of Civil Procedure 37(b), sanctions such as attorney's fees and costs. Marshall Contracting, 2012 WL 4759772, at *1. A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Id. The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Greater St. Louis Construction Laborers Welfare Fund v. Hance Excavating, LLC, 2008 WL 544718, at *2 (E.D. Mo. Feb. 26, 2008) (citations omitted).

Courts in this District have previously imposed compliance fines in ERISA delinquency collection cases and ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Marshall Contracting, 2012 WL 4759772, at *1 (and cases cited therein). Incarceration has also been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Paragon Painting, 2011 WL 3891870, at *1; Greater St. Louis Construction Laborers Welfare Fund v. Marvin Steel Enters., No. 4:96-CV-1073 ERW, at *1 (E.D. Mo. Mar. 21, 1997) (ordering that a bench warrant issued for the arrest of the individual defendants). In addition, Courts in this District have imposed contempt sanctions on a corporation's officer who failed to participate in post-judgment discovery in a ERISA delinquency action. See, e.g., Carpenters' District Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., No. 4:07-CV-00061 CAS, at *2 (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

Pursuant to its Order of January 24, 2017 (Doc. No. 37), the Court held a show cause hearing on the Motion for Contempt on February 23, 2017. Prior to the hearing, Plaintiffs submitted a Memorandum (Doc. No. 38) verifying personal service by a private process server on Defendant of the Court's Show Cause Order. Defendant did not appear at the hearing.

On the basis of the record before it, the Court finds Defendant in contempt and will award sanctions against Defendant in the form of a monetary compliance fine and attorneys' fees and costs incurred in bringing the Motion for Contempt.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt [36] is **GRANTED** and Defendant Miller Building Group, LLC, is found in **CONTEMPT** of this Court. As sanctioned, Defendant is liable for a fine of **$200.00 per day** for every day after this date that Defendant fails to submit its records for inspection or otherwise comply with this Court's Orders and Plaintiffs' discovery requests. Plaintiffs' attorney shall contact the Court if and when Defendant produces its records for inspection.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of attorneys' fees and costs incurred in bringing their Motion for Contempt is **GRANTED**. Counsel for Plaintiffs is granted until **Monday, March 6, 2017** to file an affidavit of fees and costs for the Court's consideration.

**IT IS FURTHER ORDERED** that Plaintiffs' request that a writ of body attachment be issued for Defendant Jimmie Miller is denied without prejudice. The Court will reconsider the request after plaintiffs notice another deposition and defendant fails to appear.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Order on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the compliance fine ordered herein.

Dated this 27th day of February, 2017.

_John A. Ross_

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**